U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

OCT 07 2016

TONY R. MOORE, CLERK
BY _____ DEPUTY

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**MONROE DIVISION**

| | | |
|---|---|---|
| **MARK A. BAILEY** | C | **3:16-cv-1422** |
| **VERSUS** | JUDGE | |
| **GRAPHIC PACKAGING INTERNATIONAL, INC** | MAGISTRATE JUDGE | |

## COMPLAINT WITH JURY TRIAL DEMAND

## JURISDICTION AND INTRODUCTION

**1.**

This is a Civil Action for damages brought pursuant to 42 USC 1981 and 42 USC 2000 (e), et seq for race discrimination, hostile work environment and retaliation in employment. Jurisdiction is founded upon 28 U.S.C. 1343. Plaintiff further invokes the supplemental jurisdiction of this court to consider claims arising under state law pursuant to 28 USC 1367.

**2.**

Plaintiff is MARK A. BAILEY, a major domiciliary of West Monroe, Ouachita Parish, Louisiana.

**3.**

Defendant **GRAPHIC PACKAGING INTERNATIONAL, INC**, ("Graphic

-1-

Packaging") is located at 1500 RIVEREDGE PARKWAY, SUITE 100 ATLANTA, GA 30328. It principal office in the State of Louisiana is 1000 Jonesboro Road, West Monroe, LA 71292. Its registered agent for service of process is Corporation Service Company,501 Louisiana Avenue, Baton Rouge, LA 70802

**4.**

At all times material hereto, Defendant Graphic Packaging is a person and an employer within the meaning of the Civil Rights Act of 1964, 42 USC 2000 (e), et seq, and 42 USC 1981, having fifteen (15) or more employees and as such is prohibited from discriminating in employment decisions on the basis of race or opposition to racially discriminatory practices. Over 750 employees work at the Monroe mill. At all times relevant and pertinent herein, Plaintiff, Mark A Bailey, was an employee of Defendant.

## FACTS

**5.**

Plaintiff, Mark A. Bailey, an African American male, began his employment with Defendant, Graphic Packaging on February 15, 1996. At all relevant herein, Mr. Bailey was a coater tender, earning $31.06 per hour plus benefits. Plaintiff had a good attendance and had no problems outside the mill.

**6.**

Plaintiff's immediate supervisor was Ken Scharf, a white male. Beginning in

-2-

2014, Scharf began to single out Plaintiff Bailey for discipline. Scharf's son, a white male, began working there in the area supervised by Scharf and where Plaintiff worked during the same time period. Scharf treated Bailey much more harshly. Scharf wrote up Plaintiff several times for things other white males were not disciplined. The last write up was for streaks in paper which happens regularly for which no one is written up. The machine being operated by Plaintiff was having known problems. Scharf's son engaged in conduct for which he should be written up but was not.

### 7.

Around June 2015, Plaintiff filed an internal grievance through the United Steel, Paper and Forestry, Rubber Manufacturing, Energy, Allied Industrial, and Service Workers International Union, AFL-CIO and its Local 13-3064 ("Union") alleging racial bias. Plaintiff at about the same time filed a Charge with the EEOC. Defendant was served with the Notice of Charge in June 2015. On July 10, 2015, Plaintiff was terminated on the grounds of poor performance. However, Plaintiff's performance was no less than that provided by white employees. The alleged reason was an air knife streak but no employee had been disciplined for this alleged infraction. Air knife streaks happen on a regular ongoing basis without any discipline being administered. The reason provided by Defendant was pretextual for race discrimination and retaliation.

**8.**

Scharfer was aware of Plaintiff's opposition to discriminatory practices. Around June 2015, Scharfer warned Plaintiff that if he found out that Bailey was alleging being "singled out" by Scharfer, that he would "get" or retaliate against Plaintiff and Plaintiff had better watch out. Within a few weeks time, Plaintiff was fired.

**9.**

The Union represented Plaintiff in his grievances. Plaintiff was a member of the Union. The Union found that Scharfer was singling out Plaintiff. Scharfer berated and bullied Plaintiff at work on a regular ongoing basis with the intent of making Plaintiff quit. The Union advised the Defendant of Scharfer's harassment of Plaintiff; however, the Defendant took no action to address this situation. The Union pursued a grievance concerning singling out Plaintiff and tolerating a hostile work environment by grievance dated May 19, 2014. On February 12, 2015, the Union again filed a similar grievance. Defendant failed to take effective action on these grievances.

**10.**

On or about June 14, 2016, the EEOC issued a Letter of Determination in Plaintiff's favor, finding that Defendant retaliated against Plaintiff.

## COUNT ONE:
## RETALIATION
**11.**

Plaintiff BAILEY repeats, reiterates and realleges each and every allegation

contained in Paragraphs 1 through 10 as is set forth in full herein.

**12.**

Defendant, GRAPHIC PACKAGING, by its conduct herein alleged, did deprive the plaintiff of his rights, privileges and immunities secured to him the laws of the United States, particularly his right to be free from retaliation when he was fired for reporting a racially hostile work environment and disparate discipline in violation of his rights as provided by 42 USC 1981 and 42 USC 2000e.

**13.**

The Plaintiff has suffered damages and asks to be awarded a reasonable sum plus any and all compensatory and punitive damages. He suffered mental distress, humiliation, embarrassment, past and future, and loss of income, past and future. Plaintiff suffered stress from the discharge, loss of income, family stressors, eviction notice and being behind on bills, among other things to be described in more detail as the case progresses.

## COUNT TWO
## RACIALLY HOSTILE WORK ENVIRONMENT

**14.**

Plaintiff repeats, reiterates and realleges each and every allegation contained in Paragraphs 1 through 13 as is set forth in full herein.

**15.**

Defendant, GRAPHIC PACKAGING, by its conduct herein alleged, did deprive the plaintiff of his rights, privileges and immunities secured to him by the laws of the United States, particularly his right to be free from racial harassment and discrimination in the workplace as provided by 42 USC 1981 and 42 USC 2000e, et seq, when it tolerated a racially hostile work environment as cited herein above and being treated differently from Whites and/or subject to unwarranted scrutiny. Supervisor harassed Plaintiff Bailey by questioning his work performance excessively, watching over him excessively, creating an environment where Plaintiff's performance suffered, disciplining excessively, badgering him, being hyper critical, bullying him, questioning his activities at work and treating Whites more favorably.

**16.**

The Plaintiff has suffered damages and asks to be awarded a reasonable sum plus any and all compensatory and punitive damages as a result of the hostile work environment. He suffered mental distress, humiliation, embarrassment, past and future emotional pain and suffering.

### COUNT THREE : PERMANENT INJUNCTION

**17.**

Plaintiff repeats, reiterates and realleges each and every allegation contained herein above, as if fully set forth herein.

**18.**

Plaintiff is also entitled to a permanent injunction ordering the Defendant to reinstate him to his last position held. Plaintiff seeks whatever equitable relief which would make him whole. Plaintiff also is entitled after proper proof, to permanently enjoin defendant from taking any action in retaliation against plaintiff for having filed a complaint and/or this lawsuit,

## MISCELLANEOUS

**19.**

Plaintiff is entitled to punitive damages because Defendant acted with reckless disregard for his federally protected rights when it tolerated a racially hostile work environment, retaliated against Plaintiff and otherwise allowed discrimination based upon race.

**20.**

Plaintiff is entitled to a trial by jury.

**21.**

Should Plaintiff prevails, he is entitled to an award of reasonable attorney fees, litigation expenses and all costs of court.

## PRAYER

WHEREFORE, Plaintiff MARK A. BAILEY demands the following relief against

the Defendant:

    A.    Compensatory damages in a reasonable sum to be set by this Court, plus lost wages.

    B.    Punitive damages in a reasonable sum to be set by this Court.

    C.    Reasonable attorney's fees, together with costs and litigation expenses.

    D.    For such other and further relief as to this Court may seem just and proper under the circumstances.

    E.    A permanent injunction to order the Defendant to reinstate Plaintiff to his job.

    F.    Adjudge and declare that the acts, policies, practices and procedures of defendants complained of herein violated plaintiff's civil rights secured by federal law;

    G.    Permanently enjoin defendant from taking any action in retaliation against plaintiff for having filed a complaint and/or this lawsuit,

    H.    Order defendant to make whole the plaintiff by providing all relief requested in this complaint and provided by law; and

    I.    He be granted a trial by jury.

Respectfully submitted,

Mark A. Bailey
1007 N.3d Street
West Monroe, LA
Phone: (318) 450-5750
Pro Se Plaintiff