**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF LOUISIANA**

**MONROE DIVISION**

| | |
|---|---|
| **MARK A. BAILEY** | **CIVIL ACTION NO. 16-1422** |
| **VERSUS** | **JUDGE ROBERT G. JAMES** |
| **GRAPHIC PACKAGING INTERNATIONAL, INC.** | **MAG. JUDGE KAREN L. HAYES** |

**RULING**

Before the Court is a Motion for Summary Judgment [Doc. No. 18] filed by Defendant Graphic Packaging International, Inc. Plaintiff Mark A. Bailey opposes the motion in part. [Doc. No. 22]. For reasons assigned below, the Motion for Summary Judgment is GRANTED IN PART AND DENIED IN PART.

**I.     FACTS AND PROCEDURAL HISTORY**

In February of 1996, Defendant employed Plaintiff at its paper mill in West Monroe, Louisiana. At all relevant times, Plaintiff worked as a Coater Tender on Paper Machine No. 7. The primary duties of a Coater Tender are to ensure that the paperboard the facility produces receives a coating application that meets or exceeds product specifications. Plaintiff was required to understand the coating system and monitor the coating process.

Plaintiff was an hourly employee whose employment was governed by a collective bargaining agreement ("CBA") between Defendant and United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial, and Service Workers International Union, AFL-CIO, and its Local 13-0364 (the "Union"). The CBA contains a progressive disciplinary system covering a number of disciplinary issues, including an employee's failure to meet job performance

requirements.

In accordance with the CBA, Plaintiff received the following disciplinary notices: an oral reprimand on February 5, 2014, a written reprimand on May 16, 2014, and another written reprimand on February 10, 2015.

In April of 2015, Plaintiff filed a charge of race discrimination against Defendant with the Equal Employment Opportunity Commission ("EEOC"), but he did not enclose a detailed copy of his allegations. The EEOC issued a notice of the charge to Defendant on April 22, 2015. [Doc. No. 18-5, p. 12].

On May 14, 2015, Defendant issued Plaintiff a three-day disciplinary layoff.

On June 12, 2015, the EEOC issued Defendant a second notice of Plaintiff's charge of race discrimination, which included a copy of Plaintiff's detailed allegations. [Doc. No. 18-5, pp. 15-17].

On July 1, 2015, according to Defendant, Plaintiff violated the Mill Rules in the CBA by failing to "monitor the reel conditions and take appropriate action," which resulted in an "air knife streak" on a reel of paper. [Doc. No. 18-5, p. 10]. The parties dispute the extent of the damage Plaintiff allegedly caused.

On July 10, 2015, Defendant terminated Plaintiff's employment. According to Ken Scharf, a Senior Product Engineer at the paper mill and Plaintiff's supervisor, he terminated Plaintiff's employment because Plaintiff "had received prior disciplinary action notices such that the incident of July 1, 2015 in the progressive disciplinary system was at the termination stage . . . ." [Doc. No. 18-7, p. 2].

On October 16, 2015, the EEOC forwarded Defendant a copy of Plaintiff's second charge,

in which Plaintiff alleged that Defendant terminated his employment in retaliation for filing his initial charge of race discrimination. [Doc. No. 18-5, p. 20-21].

On July 12, 2016, the EEOC issued a Notice of Right to Sue, which permitted Plaintiff to file a lawsuit against Defendant. *Id.* at 28. Subsequently, Plaintiff and the Union submitted his termination grievance to arbitration, and the arbitrator conducted a hearing on June 16, 2016. *Id.* at 33. Following the hearing, the arbitrator found that Plaintiff "was on the layoff rung of the progressive disciplinary system [] when he failed to observe the streak . . . for an extended period of time" and that Defendant discharged Plaintiff for "just cause." *Id.* at 41.

Plaintiff filed this suit on October 7, 2016, alleging race discrimination, a hostile work environment, and retaliation. [Doc. No. 1]. Defendant filed the instant Motion for Summary Judgment on October 11, 2017, contending: (1) that Plaintiff's race discrimination claims are untimely; (2) that there is no evidence supporting Plaintiff's hostile work environment claim; and (3) that there is no genuine dispute that Defendant discharged Plaintiff in retaliation for filing the initial EEOC charge. [Doc. No. 18-2].

Plaintiff responded to Defendant's motion on December 8, 2017. [Doc. No. 22]. Plaintiff concedes that Defendant is entitled to judgment as a matter of law on his race discrimination claims and hostile work environment claim. *Id.* at 3. Plaintiff does not, however, concede his retaliation claim. *Id.*

Defendant replied to Plaintiff's response on December 22, 2017. [Doc. No. 23].

## II.  LAW AND ANALYSIS

### A. Standard of Review

Summary judgment is appropriate when the evidence before a court shows "that there is no

genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A fact is "material" if proof of its existence or nonexistence would affect the outcome of the lawsuit under applicable law in the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute about a material fact is "genuine" if the evidence is such that a reasonable fact finder could render a verdict for the nonmoving party. *Id*.

"[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting *Anderson*, 477 U.S. at 247). "The moving party may meet its burden to demonstrate the absence of a genuine issue of material fact by pointing out that the record contains no support for the non-moving party's claim." *Stahl v. Novartis Pharm. Corp.*, 283 F.3d 254, 263 (5th Cir. 2002). Thereafter, if the non-movant is unable to identify anything in the record to support its claim, summary judgment is appropriate. *Id*. "The court need consider only the cited materials, but it may consider other materials in the record." FED. R. CIV. P. 56(c)(3).[1]

In evaluating a motion for summary judgment, courts "may not make credibility determinations or weigh the evidence" and "must resolve all ambiguities and draw all permissible inferences in favor of the non-moving party." *Total E & P USA Inc. v. Kerr–McGee Oil and Gas Corp.*, 719 F.3d 424, 434 (5th Cir. 2013) (citations omitted). While courts will "resolve factual controversies in favor of the nonmoving party," an actual controversy exists only "when both parties

---

[1] However, Rule 56 does not require a court to "sift through the record in search of evidence to support a party's opposition to summary judgment." *Willis v. Cleco Corp.*, 749 F.3d 314, 317 (5th Cir. 2014) (quoted source omitted).

4

have submitted evidence of contradictory facts." *Little v. Liquid Air. Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). To rebut a properly supported motion for summary judgment, the opposing party must show, with "*significant* probative evidence," that a genuine issue of material fact exists. *Hamilton v. Segue Software, Inc.*, 232 F.3d 473, 477 (5th Cir. 2000) (emphasis added). "'If the evidence is merely colorable, or is not significantly probative,' summary judgment is appropriate." *Cutting Underwater Tech. USA, Inc. v. Eni U.S. Operating Co.*, 671 F.3d 512, 517 (5th Cir. 2012) (quoting *Anderson*, 477 U.S. at 248).

Relatedly, there can be no genuine dispute as to a material fact when a party fails "to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp.*, 477 U.S. at 322-23. This is true "since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id*. at 323.

### B.  Retaliation Under Title VII

Plaintiff alleges that Defendant discharged him in retaliation for filing his first EEOC charge of race discrimination. [Doc. Nos. 1, 22]. Under Title VII, "[i]t shall be an unlawful employment practice for an employer to discriminate against any of his employees . . . because [the employee] has opposed any practice made an unlawful employment practice by [Title VII], or because [the employee] has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under [Title VII]." 42 U.S.C. § 2000e–3(a).

To establish a claim of retaliation under Title VII, a plaintiff must demonstrate: (1) that he engaged in a protected activity; (2) that an adverse employment action occurred; and (3) that a causal link exists between the protected activity and the adverse employment action. *Evans v. City of*

5

*Houston*, 246 F.3d 344 (5th Cir. 2001). Here, it is undisputed that Plaintiff engaged in the protected activity of filing a Title VII charge with the EEOC, and it is also undisputed that Defendant subsequently discharged Plaintiff. The parties, however, dispute whether Plaintiff's termination and EEOC charge were causally linked.

"A plaintiff alleging Title VII retaliation may establish her case for causation in one of two ways: she may either present direct evidence of retaliation, which is also known as the 'mixed-motive' method of proving retaliatory motivation; or she may provide circumstantial evidence creating a rebuttable presumption of retaliation." *Fabela v. Socorro Indep. Sch. Dist.*, 329 F.3d 409, 414-15 (5th Cir. 2003), *overruled on other grounds by Smith v. Xerox Corp.*, 602 F.3d 320, 330 (5th Cir. 2010) (quoting *Fierros v. Texas Department of Health*, 274 F.3d 187, 192 (5th Cir. 2001), *overruled on other grounds by Desert Palace, Inc. v. Costa*, 539 U.S. 90, 92 (2003)). In "direct evidence" cases, "once the plaintiff has submitted evidence that retaliation was among the motives which prompted the adverse action, the 'burden of proof shifts to the employer to establish by preponderance of evidence that the same decision would have been made regardless of the forbidden factor.'" *Id.* at 415.

Direct evidence is evidence which, "'if believed, proves the fact [in question] without inference or presumption.'" *Id.* (quoting *Portis v. First Nat'l Bank*, 34 F.3d 325, 328 (5th Cir. 1994)). "In a Title VII context, direct evidence includes any statement or document which shows on its face that an improper criterion served as a basis—not necessarily the sole basis, but a basis—for the adverse employment action." *Id.* (citing *Fierros*, 274 F.3d at 192).

Here, Plaintiff presents direct evidence of retaliatory motive.[2] As in *Fabela*, the fact in question is whether Defendant's decision to terminate Plaintiff's employment was motivated, in part, by the fact that Plaintiff previously filed an EEOC complaint. *See id.* at 416. In that regard, Plaintiff avers, "In mid-June, after I filed the EEOC Charge, I was called into Ken Scharf's office where he threatened me with termination if the rumor that I had filed an EEOC Charge against him was true. Specifically, he said I had better 'watch-out' that he was going to get me." [Doc. No. 22-2, p. 2]. *See id.* at 416 (finding that the plaintiff's averment that her supervisor, when asked to justify his decision to discharge the plaintiff, "pointed to the fact that [the plaintiff] had filed an 'unsubstantiated' EEOC complaint . . . ."). This evidence is, standing alone, sufficient to support the conclusion that a nexus exists between Plaintiff's EEOC charge and eventual discharge.[3] *See id.* at 416. Stated otherwise, a reasonable jury could believe that a causal connection existed between the EEOC charge and

---

[2] Both parties overlook the nature of Plaintiff's direct evidence and, consequently, analyze the case under the *McDonnell Douglas* burden-shifting framework.

[3] When analyzing discrimination claims—as opposed to retaliation claims—and determining whether comments in the workplace constitute direct evidence, the Fifth Circuit considers: "whether the comments are (1) related to the plaintiff's protected characteristic; (2) proximate in time to the challenged employment decision; (3) made by an individual with authority over the challenged employment decision; and (4) related to the challenged employment decision." *Etienne v. Spanish Lake Truck & Casino Plaza, L.L.C.*, 778 F.3d 473, 476 (5th Cir. 2015). Assuming, for the sake of argument, that test applies to retaliation claims, Scharf's alleged comments are clearly related to Plaintiff's EEOC charge, they were made approximately one month before Defendant discharged Plaintiff, they were made by an individual with authority over Plaintiff's termination, and they relate to Plaintiff's termination. [Doc. Nos. 22-2, p. 2; 18-6, pp. 114-115]; *see Lawson v. Hinds Cty. Sch. Dist.*, 2014 WL 373199, at *5 (S.D. Miss. Feb. 3, 2014) (noting that "the third prong of the test is not limited to individuals with the ultimate authority to hire and fire. The question instead is whether the declarant possessed [the requisite] leverage or exerted influence over the ultimate decision-makers.") (quoting *Hervey v. Miss. Dep't of Educ.*, 404 F. App'x 865, 873 (5th Cir. 2010)).

Plaintiff's discharge.[4] *See id.*[5]

As Plaintiff presents sufficient direct evidence of retaliatory motive, "the burden shifts to the defendant to prove [by a preponderance of the evidence] that he would have arrived at the same decision even had he not considered the improper criterion." *Id.* at 417; *Fierros*, 274 F.3d at 192. To that end, Defendant presents evidence that it discharged Plaintiff because he violated the Mill Rules in the CBA by failing to "monitor the reel conditions and take appropriate action," which resulted in an "air knife streak" on a reel of paper. [Doc. No. 18-5, p. 10]. Ken Scharf maintains that he terminated Plaintiff's employment because Plaintiff "had received prior disciplinary action notices such that the incident of July 1, 2015 in the progressive disciplinary system was at the termination stage . . . ." [Doc. No. 18-7, p. 2].

A jury could conclude, from this evidence, that Defendant would have discharged Plaintiff had he never filed an EEOC charge. However, even assuming Plaintiff fails to rebut Defendant's evidence, "providing unrebutted evidence of a legitimate reason for the adverse employment decision is not sufficient [for a defendant] to secure summary judgment under the direct evidence calculus."

---

[4] The Fifth Circuit emphasized in *Fabela* that "to successfully establish the element of causation in the direct evidence rubric, [the plaintiff's] evidence does not have to support the conclusion that retaliation was the only motive or even that it was the determinative motive, only that it was among the motivating factors which led to the adverse action." *Fabela*, 329 F.3d at n.7 (citing *Fierros*, 274 F.3d at 192).

[5] *See, e.g., Fierros v. Texas Dep't of Health*, 274 F.3d 187, 195 (5th Cir. 2001) (finding that the following was direct evidence of retaliation: plaintiff's testimony that her supervisor informed her she "had been denied the pay increase because she filed a discrimination complaint against him."); *Curry v. Hollywood Casino Corp.*, 2013 WL 1291762, at *5 (N.D. Miss. Mar. 28, 2013) (finding that a supervisor's remark that the plaintiff "could not continue to work for Hollywood because he had filed an EEOC complaint" was direct evidence of retaliation); *Martin v. J.A.M. Distrib. Co.*, 674 F. Supp. 2d 822, 845 (E.D. Tex. 2009); *Dettor v. Mississippi Veterans Home*, 2010 WL 1609728, at *2 (S.D. Miss. Apr. 20, 2010).

*Fabela*, 329 F.3d at 418. "In other words, even if a defendant successfully presents evidence that the adverse action would have occurred even in the absence of a retaliatory purpose, this does not mean he will prevail on his summary judgment motion." *Martin*, 674 F. Supp. 2d at 846.

To secure summary judgment following the evidence that Plaintiff's EEOC charge motivated Defendant to discharge Plaintiff, "it is up to [Defendant] either to disprove that the improper criterion was a factor in the employment decision, or that the same employment decision would have been made nonetheless." *Id.* In this regard, Defendant argues only that Plaintiff failed to mention "any purported conversation with Ken Scharf" when Plaintiff testified at arbitration. [Doc. No. 23, p. 4]. This is an impeachment argument, and it does not disprove Plaintiff's direct evidence.

Defendant has only created a genuine dispute regarding whether retaliatory animus motivated its decision to discharge Plaintiff, which is insufficient to prevail on summary judgment. *See Fabela*, 329 F.3d at 418; *Fierros*, 274 F.3d at 195 (holding that the plaintiff's "affidavit by itself precludes summary judgment because it presents a genuine issue of material fact regarding whether [retaliatory] animus in part motivated or was a substantial factor in the contested employment action."); *see also Vance v. Union Planters Corp.*, 209 F.3d 438, 442 (5th Cir. 2000) (noting that even if the Title VII plaintiff "were the only witness to testify about the [employer's discriminatory] statements[,] that would not warrant taking the case out of the jury's hands."). The fact that Defendant has presented a legitimate reason for discharging Plaintiff only means that Defendant has shown that *Plaintiff* is not entitled to judgment as a matter of law. *See Fabela*, 329 F.3d at 418.

Accordingly, Defendant's Motion for Summary Judgment, with respect to Plaintiff's

retaliation claim, is DENIED.[6]

### C. Plaintiff's Remaining Claims

As above, Plaintiff concedes that Defendant is entitled to judgment as a matter of law on his race discrimination claims and hostile work environment claim. Specifically, Plaintiff concedes that his discrimination claims are untimely and that he cannot present any evidence of a hostile work environment. [Doc. No. 22, p. 3]. Accordingly, Defendant's Motion for Summary Judgment, with respect to these claims, is GRANTED.

## III. CONCLUSION

For the foregoing reasons, Defendant's Motion for Summary Judgment [Doc. No. 18] is GRANTED IN PART AND DENIED IN PART. The motion is GRANTED as to Plaintiff's claims of discrimination and hostile work environment, and these claims are DISMISSED WITH PREJUDICE. The motion is DENIED as to Plaintiff's retaliation claim.

MONROE, LOUISIANA, this 1st day of February, 2018.

*[signature]*
ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE

---

[6] It could be argued that, according to Plaintiff's declaration, Scharf only stated that Plaintiff should "watch out" and that Plaintiff simply construed the remark as a threat to terminate Plaintiff. Even assuming Plaintiff's averments are only circumstantial evidence, and thus that the *McDonnel Douglas* framework applies, Plaintiff still presents a genuine dispute precluding summary judgment. Plaintiff's averments establish a prima facie showing of causation. *See Long v. Eastfield Coll.*, 88 F.3d 300, 306 (5th Cir. 1996) (concluding that in light of the evidence that the employer knew about the protected activity and took the adverse employment action thereafter, "we have no trouble finding sufficient evidence, for prima facie case purposes, to establish a causal link . . . ."). Moreover, Plaintiff's averments establish a genuine dispute that Defendant's legitimate, non-discriminatory reason for discharge—the alleged incident on July 1, 2015—is pretextual.